Tippin v 3M Co., Alcat (2024 NY Slip Op 06679)

Tippin v 3M Co., Alcat

2024 NY Slip Op 06679

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 190062/21 Appeal No. 3343 Case No. 2024-02949 

[*1]Corey G. Tippin, Respondent,
v
3M Company, Alcat, et al., Defendants, Johnson & Johnson, et al., Appellants.

Patterson Belknap Webb & Tyler LLP, New York (Thomas P. Kurland of counsel), for appellants.
Dean Omar Braham Shirley LLP, Dallas, TX (Misty A. Farris of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered April 8, 2024, which denied the motion of defendants Johnson & Johnson, Johnson & Johnson Consumer, Inc., and LTL Management LLC (collectively, J&J) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
J&J made a prima facie showing of entitlement to summary judgment by submitting epidemiological studies and expert testimony stating that plaintiff's use of its talcum powder could not have caused his peritoneal mesothelioma. In response, plaintiff failed to raise an issue of fact, as he did not adduce evidence that he was exposed to levels of toxin in J&J's products sufficient to cause his illness (see Nemeth v Brenntag N. Am., 38 NY3d 336, 344-347 [2022]; Matter of New York City Asbestos Litig., 207 AD3d 415-416 [1st Dept 2022], lv denied sub nom Olson v Brenntag N. Am., Inc., 39 NY3d 913 [2023]). Although plaintiff's epidemiology expert offered an estimate of plaintiff's lifetime exposure, the expert described the calculation as made only "by way of example" because "there are many variables that comprise an individual's total exposure." Furthermore, plaintiff's pulmonologist conceded that he did not calculate plaintiff's lifetime dose of exposure to asbestos through his use of J&J's product, and instead relied upon the epidemiology expert's example. This evidence falls short of satisfying the requirement of causation.
In any event, even assuming plaintiff set forth a scientific expression of the minimum lifetime exposure to asbestos that would have been sufficient to have caused his mesothelioma, he failed to proffer evidence that his exposure levels exceeded that threshold dose.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024